967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Adelbert G. CLOSTERMANN, Plaintiff-Appellant,
v.
Arlene FINLAYSON and Duncan Finlayson, Defendants-Appellees.
 No. 91-35065.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 18, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oregon attorney Adelbert Clostermann appeals the district court's dismissal of his 42 U.S.C. § 1983 claim against two former clients, Arlene and Duncan Finlayson. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 3
 Clostermann sued the Finlaysons in state court to collect fees allegedly due him. These claims were subject to arbitration according to Oregon law, Or.Rev.Stat. §§ 36.400-36.425, and were eventually dismissed. Clostermann now seeks to relitigate his fee claims against the Finlaysons in federal court. In addition to his contract and tort claims, Clostermann also brings a section 1983 claim alleging that the Finlaysons, in conjunction with the Oregon courts and legislature, denied him his right to a jury trial and to due process by relying on the Oregon arbitration laws.
 
 
 4
 There are two essential elements to any action brought under 42 U.S.C. § 1983: (1) the defendant's conduct must have been under color of state law or must have constituted state action; and (2) the defendant must have deprived the plaintiff of a right secured by the constitution or the laws of the United States. See Lugar v. Edmondson Oil Co., 457 U.S. 992, 930 (1982); Howerton v. Gabica, 708 F.2d 380, 382 (9th Cir.1983). We do not reach the second element as Clostermann fails on the first.
 
 
 5
 The circumstances under which a private party may be sued under section 1983 are limited. Section 1983 does not countenance the suit of private individuals who rely on state law. See Lugar, 457 U.S. at 937 ("Without a limit [on who qualifies as a state actor], private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them."); Dennis v. Sparks, 449 U.S. 24, 28 (1980) ("Of course, merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge.").
 
 
 6
 Clostermann argues that the Finlaysons are state actors because they relied on the Oregon arbitration laws. This argument is wrong, and does not support a section 1983 action against the Finlaysons. See Lugar, 457 U.S. at 937; Sparks, 449 U.S. at 28.
 
 
 7
 Clostermann also argues that even if he did not join the appropriate parties, the district judge was required to join the Oregon Attorney General because Clostermann challenges the application of Oregon law. Clostermann mistakenly relies on 28 U.S.C. § 2403(b). Section 2403(b) only requires the court to notify the attorney general of a state where the constitutionality of a state law is challenged in federal court. 28 U.S.C. § 2403(b). Nothing in section 2403(b) requires (or even permits) a district judge to join the attorney general as a party each time a state law is challenged. Cf. Long v. Van De Kamp, No. 91-55834, slip op. at 3757, 3759 (9th Cir. April 7, 1992) (per curiam) ( Ex parte Young, 209 U.S. 123 (1908), bars suit against state attorney general absent showing of direct connection between attorney general and the enforcement of an allegedly unconstitutional statute).
 
 
 8
 We affirm the district court's dismissal of Clostermann's section 1983 claim. We also affirm the dismissal of Clostermann's non-federal claims for lack of jurisdiction.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Diversity jurisdiction is lacking in this case as all of the parties reside in Oregon and the amount in controversy is less than $50,000. See 28 U.S.C. § 1332